<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-4365
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMAR BERNARD WOODY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge. (7:05-cr-00110-GEC-1)

_____

Submitted: December 18, 2014      Decided: December 22, 2014

_____

Before SHEDD, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Fay F. Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Bernard Woody appeals the twenty-seven-month sentence imposed upon revocation of his term of supervised release. Finding no error, we affirm.

Woody first contends that the district court erred by finding that he possessed a controlled substance without the admission of a lab report or the testimony of a chemist, and without affording him the opportunity to cross-examine the chemist. However, Woody admitted that the substance was his and that it was cocaine base. In light of Woody's admission, there was no need for testimony or cross-examination as to this uncontested fact.[*] Rather, in view of Woody's admission, counsel's statements, and evidence of the positive field test, the district court appropriately, and without objection, concluded that Woody violated the terms of his supervision by possessing crack cocaine.

Woody also challenges the reasonableness of the sentence. In determining the sentence to impose upon revocation

---

[*] Woody's reliance on United States v. Ferguson, 752 F.3d 613 (4th Cir. 2014) and United States v. Doswell, 670 F.3d 526, 529 (4th Cir. 2012) for the proposition that a laboratory certificate of analysis is insufficient to prove the nature of a substance unless the lab chemist is available to testify and is available for cross-examination is misplaced. In contrast to Woody's case, the defendants in those cases did not admit to the nature of the substance.

2

of Woody's supervised release, the district court considered the Chapter Seven policy statements in the <u>U.S. Sentencing Guidelines Manual</u>, the statutory requirements, and the relevant factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012). The court also considered Woody's request for a sentence at the low end of the range and the government's argument for a sentence at the high end. Noting Woody's numerous violations and the short time between his release from prison and his violations, the court imposed a revocation sentence of twenty-seven months. This sentence is within the prescribed statutory range and is not plainly unreasonable. <u>See</u> <u>United States v. Crudup</u>, 461 F.3d 433, 437-39 (4th Cir. 2006).

      We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>